UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID KHAN,<br><br>    Defendant. | Case No. 20-cv-09274-KAW<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION; REPORT AND RECOMMENDATION TO REMAND CASE; ORDER REASSIGNING CASE TO A DISTRICT JUDGE**<br><br>Re: Dkt. No. 3 |

On December 17, 2020, Defendant David Khan removed his criminal case to federal court. (Not. of Removal, Dkt. No. 1.) Plaintiff also moved to proceed *in forma pauperis*. (Dkt. No. 3.) The Court GRANTS Plaintiff's IFP Application, and REASSIGNS this case to a district judge with the recommendation that the case be REMANDED for failure to state a basis for removal.

Defendant purports to remove his criminal case by invoking 28 U.S.C. § 1443. (Not. of Removal at 2.) Section 1443 only permits removal of criminal cases under two circumstances:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or by refusing to do any act on the ground that it would be inconsistent with such law.

The second subsection does not apply in this case because it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966). Defendant does not assert that he is a federal officer or agent, or that he is authorized to act with a federal officer or agent.

The first subsection, in turn, applies only to "defendants who claim federally secured rights as a defense to a state prosecution." *California v. McCash*, Case No. 18-xr-90790-PJH-1, 2018 U.S. Dist. LEXIS 130991, at *3 (N.D. Cal. Aug. 3, 2018). Thus, a petition for removal under § 1443(1) must first "assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). Second, the petition "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Defendant satisfies neither prong. Defendant does not cite a civil right based on a specific statutory grant as a *defense* to his prosecution, nor does Defendant identify a specific enactment of state law that commands the state court to ignore his federal civil rights. Rather, Defendant complains that the state court and county are maliciously prosecuting him, tampering with court records, and treating him inhumanely in county jail. (*See* Not. of Removal at 4, 14.) To remove a criminal prosecution under § 1443, however, "[b]ad experiences with the particular court in question will not suffice." *Sandoval*, 434 F.2d at 636. Nor is it sufficient "to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *Peacock*, 384 U.S. at 827.

Accordingly, the Court RECOMMENDS that the case be remanded to state court. Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: January 13, 2021

KANDIS A. WESTMORE
United States Magistrate Judge